**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Thomas Curtis,<br>Plaintiff(s),<br>v.<br>Sgt. Timothy Reddit, et al.,<br>Defendant(s). | Case No. 2:26-cv-00788-GMN-NJK<br>**ORDER**<br>[Docket Nos. 10, 13] |

Pending before the Court is Plaintiff's motion to appoint counsel. Docket No. 10.[1] Defendants did not file a response to that motion. Also pending before the Court is Defendants' motion for more definite statement. Docket No. 13.

## I. BACKGROUND

Plaintiff is a detainee at the Nye County Jail. On July 24, 2026, a screening order was issued by United States District Judge Gloria M. Navarro. Docket No. 3. Although Judge Navarro noted that Plaintiff's allegations were difficult to discern, *id.* at 4 n.3, she summarized the factual underpinnings as follows:

> While Plaintiff was sleeping, some of the other detainees pulled his bed onto the concrete floor. About a month later, another inmate—Slotterback—beat Plaintiff in the cell. From the beating, it appears Plaintiff suffered a ruptured intestine, a tailbone injury, a heart attack, and blood in his stool. Sgt. Reddit and Officer Benes were present when Plaintiff was placed in the housing unit with Slotterback. And they knew that Plaintiff was at risk of being attacked because they moved him back into the same housing unit where he had already been attacked while sleeping. According to Plaintiff, Reddit and Benes should have placed him in a segregated cell instead of allowing him to be placed with Slotterback.

*Id.* at 4. Based on those allegations, Judge Navarro concluded that Plaintiff stated a colorable claim for failure to protect. *Id.* at 4-5.

[1] The Court liberally construes the filings of *pro se* litigants, particularly those who are prisoners bringing civil rights claims. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

Plaintiff thereafter filed an amended complaint, Docket No 6, and the pending motion for appointment of counsel, Docket No. 10. Defendants also filed motion practice challenging the sufficiency and clarity of the amended complaint. Docket Nos. 12, 13.

**II. STANDARDS**

A litigant does not have a constitutional right to counsel to pursue civil rights claims. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). "The court may request[2] an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Court will request an attorney for indigent civil litigants in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). When determining whether exceptional circumstances exist, the Court considers the plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

**III. ANALYSIS**

Defendants do not oppose Plaintiff's request for counsel, so it is properly granted as unopposed. *See* Local Rule 7-2(d). Moreover, the circumstances warrant such relief. Plaintiff has stated a colorable claim predicated on serious factual allegations. Plaintiff has also displayed difficulty in articulating his claims and arguments, which was noted in the screening order and which also appears in some of Plaintiff's more recent filings. *See, e.g.*, Docket No. 18. As explained above, however, the Court does not actually "appoint" counsel in this context. The Court will instead refer this matter to the *Pro Bono* Program pursuant to the Third Amended General Order 2019-07. The Court cannot guarantee that willing counsel can be found, but this referral will initiate the process for attempting to locate counsel.

In the Court's experience, attempting to find *pro bono* counsel may take several months. Moreover, if willing counsel is located, they will often seek to file an amended complaint upon

---

[2] To be clear, the Court does not "appoint" counsel in civil cases. The law "does not actually authorize the court to force a lawyer to take a case" and the Court does not have "staff attorneys standing by to represent *pro se* litigants." *Chan v. Ryan*, No. 22-cv-01796-LK, 2023 WL 197429, at *2 (W.D. Wash. Jan. 17, 2023) (quoting *Sifuentes v. Nautilus, Inc.*, No. C21-5613JLR, 2022 WL 1014963, at *1 (W.D. Wash. Apr. 5, 2022)).

their appearance in the case. Given these circumstances, the Court will deny without prejudice Defendants' motion for more definite statement. In the event willing counsel is located, Defendants may wish to confer with that attorney about the possibility of Plaintiff seeking leave to amend. If leave to amend is not sought by incoming counsel, Defendants may renew their motion for more definite statement within 21 days of the willing counsel filing a notice of appearance. In the event willing counsel is not located, the Court will issue an order setting a deadline for Defendants to renew their motion for more definite statement.[3] Lastly, the Court will vacate the case management schedule that was entered to accommodate the efforts to locate *pro bono* counsel.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's motion for appointment of counsel (Docket No. 10) in that the Court **REFERS** this matter to the *Pro Bono* Program. The Court **INSTRUCTS** the Clerk's Office to send this order to the *Pro Bono* Liaison. In light of the above, the Court further **DENIES** without prejudice Defendants' motion for more definite statement (Docket No. 13). Lastly, the Court **VACATES** the scheduling order (Docket No. 15).

IT IS SO ORDERED.

Dated: October 15, 2026

Nancy J. Koppe
United States Magistrate Judge

[3] The Court will not herein address or resolve the pending motion for more definite statement. The Court notes, however, that the motion does not appear to address that a screening order has issued finding Plaintiff pled a discernible and colorable claim. If renewed motion practice is filed, Defendants should address whether and how the screening order impacts their arguments. *Cf. Banks v. Lombardo*, 2021 WL 3549890, at *1 (D. Nev. Aug. 11, 2021) (citing *Sherman v. Aguilar*, 2011 WL 832263, at *2 (S.D. Cal. Mar. 3, 2011) and *Pamer v. Schwarzenegger*, 2010 WL 785851, at *2 (E.D. Cal. Mar. 4, 2010)).